## McCLANAHAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 12, 1926.)

No. 3607.

1. **Banks and banking** ⊜⇒21—**Provision in Federal Farm Loan Act providing for punishment for making false statement in application for loan held not invalid, as including immaterial and unrelated statements (Federal Farm Loan Act, §§ 12, 31 [Comp. St. §§ 9835ff, 9835v]).**

Federal Farm Loan Act, § 31 (Comp. St. § 9835v), providing for punishment for making false statement in application for loan, *held* not invalid as condemning making false statement, whether immaterial or unrelated to transaction, as it will be assumed that form of application provided for in section 12 (Comp. St. § 9835ff) will be such only as is calculated to elicit necessary facts when making loan.

2. **Banks and banking** ⊜⇒21—**Indictment for making false statement in application for federal farm loan held not bad, as failing to charge alleged false statements were material, where materiality is shown on face of indictment (Federal Farm Loan Act, § 31 [Comp. St. § 9835v]).**

Indictment, under Federal Farm Loan Act, § 31 (Comp. St. § 9835v), for making false statement in application for loan, *held* not bad because of failure to charge that alleged false statements were material, where indictment shows materiality on its face, precluding the necessity of separate allegation that they were material.

3. **Criminal law** ⊜⇒1170(2).

Any error in excluding evidence is harmless, where matters thus excluded were subsequently testified to.

In Error to the District Court of the United States for the District of Indiana.

Meade McClanahan was convicted under Federal Farm Loan Act, § 31, for making false statement in application for farm loan, and he brings error. Affirmed.

Milton W. Mangus, of Indianapolis, Ind., for plaintiff in error.

Albert Ward, of Peru, Ind., and Alexander G. Cavins, of Indianapolis, Ind., for the United States.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiff in error complains of his conviction and sentence under section 31 of the Federal Farm Loan Act (Comp. St. § 9835v), whereby it is provided that "any applicant for a loan under this act, who shall knowingly make a false statement in his application for such loan * * * shall be punished" as specified.

The contention most relied on is that the act does not limit the statements to such as relate or are material to the proposed loan, but condemns the making of any false statement in the application, however immaterial or unrelated to the transaction the statement may be. It is urged that Congress has not the constitutional power to penalize acts which are merely immoral, and have no relation to the exercise of some power or duty vested by the Constitution in the Congress.

The provision in question must be considered in connection with the entire act. Section 3 (Comp. St. § 9835b) creates the Federal Farm Loan Board, which is given general supervision over joint-stock loan banks, such as that with which we are here concerned. Section 12 (Comp. St. § 9835ff) provides:

"Eighth. Every applicant for a loan under the terms of this act shall make application on a form to be prescribed for that purpose by the Federal Farm Loan Board, and such applicant shall state the objects to which the proceeds of said loan are to be applied, and shall afford such other information as may be required."

The form for the application for loans being thus provided for by the statute, it may well be assumed that the form prescribed by the statutory board charged with the duty of preparing it will be such only as is calculated to elicit facts as will enable the loaning bank to exercise a fair judgment upon the advisability of granting the loan applied for. True, it is possible to imagine, though unreasonable to suppose, that wholly irrelevant and even ridiculous and impertinent inquiries might be included, the religious or political affiliations of the applicant, his social standing and aspirations, his views on evolution, and the like; but this is altogether too unlikely to merit serious consideration. Statements made in response to questions so utterly foreign to the subject-matter would scarcely be regarded as a proper part of any such application or to come within reasonable contemplation of the act.

[1] The constitutionality of the Federal Farm Loan Act was sustained by the Supreme Court in Smith v. Kansas City T. & T. Co., 255 U. S. 180, 41 S. Ct. 243, 65 L. Ed. 577. We feel constrained to hold that section 31 is not invalid merely because within its literal terms ridiculous and uncontemplated extremes such as above indicated might be imagined to fall.

[2] If the false statements charged and proved were wholly frivolous and unrelated, it would in all probability be concluded that they did not supply the basis for a prosecution under section 31. But there is here no question of the relevancy of the alleged false statements knowingly made, which the indictment charges and the evidence tends to prove, and in view of what has been said there is no merit in the contention that the indictment is bad because it fails to charge that the alleged false statements were material. If, as is here the case, from inspection of the indictment the materiality of the alleged statements appears, it need not separately be alleged that they were material. Of this view of the law plaintiff in error had the benefit, in that the court charged the jury that they must acquit the defendant unless they believe from the evidence that the alleged false statements were knowingly made, and were mate-rial and calculated to deceive, and made for that purpose.

[3] We find no ground for complaint as to the court's rulings on the evidence. In one instance plaintiff in error was not permitted to adduce certain evidence, but afterwards the matters thus excluded were fully testified to. Assuming, but not conceding, that there was error in excluding the evidence, in view of what was thereafter admitted, no harm to plaintiff in error accrued.

We perceive no valid ground for disturbing the judgment, and it is affirmed.